UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                     Case No. 21-CR-106-PP-SCD

SHAQUILE SLATER,

    Defendant.

## ORDER REQUESTING ADDITIONAL BRIEFING
## ON DEFENDANT'S MOTION TO SUPPRESS

On September 1, 2020, Shaquile Slater's probation officer issued an apprehension request for Slater's arrest based on alleged violations of his probation. Law enforcement executed the apprehension request at Slater's residence on September 15, 2020. After arresting Slater and removing the other occupants from the residence—including Slater's stepfather, adult sister, teenage nephew, nine-year-old niece, and girlfriend—the police searched Slater's bedroom and found marijuana, indicia of drug trafficking, $5000 in cash, and numerous identifiers for Slater. The police then obtained permission from Slater's stepfather, the owner of the residence, to search the rest of the home. Inside the sister's bedroom the police found two firearms behind an armoire and a silk bag containing more marijuana and drug-trafficking materials and amphetamine pills in a laundry hamper.[1]

On May 18, 2021, the United States charged Slater with unlawfully possessing the two firearms found behind the armoire, possessing with intent to distribute marijuana, and

---

[1] Neither Slater nor the government has requested an evidentiary hearing. Thus, I take these facts from the parties' briefs, see ECF No. 24, 28, which are based on the discovery materials in this case.

possessing the two firearms in furtherance of drug trafficking. *See* ECF No. 1. Slater has moved to suppress all evidence recovered from his residence, arguing (among other things) that the police violated the Fourth Amendment when they searched his sister's bedroom. *See* ECF No. 24.

The Fourth Amendment prohibits "unreasonable searches and seizures" by the government. U.S. Const. amend. IV. However, "[t]he Supreme Court has consistently held that 'Fourth Amendment rights are personal rights which . . . may not be vicariously asserted.'" *United States v. Carlisle*, 614 F.3d 750, 756 (7th Cir. 2010) (*Rakas v. Illinois*, 439 U.S. 128, 134 (1978)). In other words, "[a] person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas*, 439 U.S. at 134 (citing *Alderman v. United States*, 394 U.S. 165, 174 (1969)).

Although sometimes (perhaps erroneously) referred to as "standing," whether a defendant can challenge a search is really an issue of substantive Fourth Amendment law. *See Carlisle*, 614 F.3d at 756 (citing *Rakas*, 439 U.S. at 143). The threshold question is whether a "search" occurred at all, as that term is used in the Fourth Amendment. *See United States v. Correa*, 908 F.3d 208, 217 (7th Cir. 2018) (citing *Carpenter v. United States*, 138 S. Ct. 2206, 2215 n.2 (2018)). "The Supreme Court has developed two distinct paths to identify a search: '[a] search occurs either when the government physically intrudes without consent upon 'a constitutionally protected area in order to obtain information,' or 'when an expectation of privacy that society is prepared to consider reasonable is infringed.'" *United States v. Tuggle*, No. 20-2352, 2021 WL 2946100, 2021 U.S. App. LEXIS 20841, at *10 (7th Cir. July 14, 2021) (quoting *United States v. Thompson*, 811 F.3d 944, 948 (7th Cir. 2016)).

2

Case 2:21-cr-00106-PP   Filed 09/22/21   Page 2 of 4   Document 30

"When considering whether an individual has a legitimate expectation of privacy, a court must consider: (1) whether the individual, by his conduct, has exhibited an actual (subjective) expectation of privacy; and (2) whether the individual's subjective expectation of privacy is one that society is prepared to recognize as reasonable." *Carlisle*, 614 F.3d at 756–57 (citing *Smith v. Maryland*, 442 U.S. 735 (1979)). The Seventh Circuit has identified five factors "key to determining whether," under the first prong, "an individual has a legitimate privacy interest in a given piece of property:

> (1) whether the defendant had a possessory [or ownership] interest in the thing seized or the place searched, (2) whether he had the right to exclude others from that place, (3) whether he exhibited a subjective expectation that it would remain free from governmental invasion, (4) whether he took normal precautions to maintain his privacy, and (5) whether he was legitimately on the premises.

*Carlisle*, 614 F.3d at 758 (quoting *United States v. Peters*, 791 F.2d 1270, 1281 (7th Cir. 1986)). "[T]he individual seeking suppression of the evidence bears a burden to prove that he had a legitimate expectation of privacy in the searched property." *Carlisle*, 614 F.3d at 758.

Based on the record currently before me, it does not appear that the government infringed upon Slater's constitutional rights when law enforcement searched his sister's bedroom and found guns, drugs, and drug-trafficking materials. First, Slater has not presented any evidence to suggest that the police committed a trespass by entering a constitutionally protected area over which he (rather than his stepfather or sister) enjoyed property rights. Second, Slater has not presented any evidence to suggest that he had a legitimate expectation of privacy in the items found under the armoire and inside the laundry hamper in his sister's bedroom. *See, e.g, United States v. Dowell,* 33 F.3d 53 (4th Cir. 1994) ("Dowell alleged no facts in the district court which could support a finding that he had a reasonable expectation of privacy in his sister's bedroom."); *United States v. Prudente,* No. 1:05-CR-324-CAP, 2006 WL

3

8440223, at *20 (N.D. Ga. July 19, 2006), report and recommendation adopted, No. 1:05-CR-324-CAP, 2006 WL 8440220 (N.D. Ga. Aug. 28, 2006) ("The evidence does not establish that Defendant had a subjective expectation of privacy in either his mother's or sister's bedroom closet . . .") However, because the parties did not address this issue in their briefs, and the record does not otherwise contain enough facts for me to adequately address it, I will entertain supplemental briefing. Slater may submit a brief addressing only whether he may challenge the search of his sister's bedroom by **October 1, 2021**; the government may have until **October 8, 2021**, to file its response. If Slater does not intend to file a brief, counsel should alert the court to that fact.

    **SO ORDERED** this 22nd day of September, 2021.

_____
STEPHEN C. DRIES
United States Magistrate Judge